# In the United States Court of Federal Claims

Nos. 25-1101, 25-1189, 25-1276, 25-1277, 25-1278, 25-1333, 25-1425, 25-1426, 25-1427
(Filed: 27 August 2025)

```
*****************************************
                                         *
EVCON-CWC JV, LLC, et al.,               *
                                         *
              Plaintiffs,                *
                                         *   Nos.   25-1101, 25-1189, 25-1276,
v.                                       *          25-1277, 25-1278, 25-1333,
                                         *          25-1425, 25-1426, 25-1427
THE UNITED STATES,                       *
                                         *
              Defendant.                 *
                                         *
*****************************************
```

## ORDER

      On 30 June 2025, plaintiff EVCON-CWC JV, LLC ("EVCON") filed a pre-award bid protest against the United States, Naval Facilities Engineering Systems Command ("NAVFAC"), challenging NAVFAC's inclusion of a Project Labor Agreement requirement as part of the Solicitations. *See* Compl. ¶¶ 1–2, ECF No. 1, *EVCON-CWC JV, LLC v. United States*, No. 25-1101. EVCON filed a Notice of Directly Related Cases, explaining the case is directly related to *MVL USA, Inc. v. United States*, No. 24-1057. *See* Notice of Directly Related Case, ECF No. 2, *EVCON*. Since 30 June, numerous plaintiffs have filed similar protests challenging government agencies' inclusion of project labor agreements—all have noted direct relation to *EVCON*, *MVL*, or another protest challenging project labor agreements. *See, e.g.*, Notice of Directly Related Case, ECF No. 7, *Hensel Phelps Construction Co. v. United States*, No. 25-1189 ("The legal issues raised in this protest and in . . . EVCON-CWC JV . . . are similar, all challenging the use of project labor agreements on federal construction projects in excess of $35,000,000."); *Hensel Phelps Construction Co. v. United States*, Nos. 25-1276, 25-1277, 25-1425, 25-1426, and 25-1427 (all identifying substantially similar relation to *EVCON* or a *HPCC* case which in turn identifies a relation to *EVCON*); Notice of Directly Related Case, ECF No. 2, *Cox Construction Co. v. United States*, No. 25-1278 ("This protest is directly related to the consolidated bid protests docketed at *MVL USA, Inc. v. United States*, No. 24-1057."); Notice of Directly Related Case, ECF No. 2, *Flatiron Dragados Constructors, Inc. v. United States*, No. 25-1333 (same as *Cox*).

      Since late June, many cases challenging the inclusion of project labor agreement requirements have been voluntarily dismissed because the procuring agencies either removed their project labor agreement requirements or cancelled the solicitations at issue. *See generally* 22 August 2025 Joint Status Report ("JSR"), ECF No. 25, *Cianbro*, No. 25-1034. As of 26 August 2025, ten pending bid protest cases related to project labor agreements remain: *Brasfield & Gorrie, LLC v. United States*, No. 25-1140, *EVCON*, No. 25-1101, *Hensel Phelps*, Nos. 25-

1189, 25-1276, 25-1277, 25-1425, 25-1426, and 25-1427, *Cox*, No. 25-1278, and *Flatiron*, No. 25-1333.

*Brasfield & Gorrie*, based on representations from counsel for the government and the United States Army Corps of Engineers, concerns an urgent procurement with a strict terminus of 15 December 2025. In a JSR filed 26 August 2025, the parties in all related cases agreed to expedite *Brasfield & Gorrie* and proposed an expedited schedule. *See* 26 August 2025 JSR, ECF No. 11, *Brasfield & Gorrie*. The Court, recognizing the urgency, set an expedited schedule with the intention of resolving the bid protest before the 15 December deadline. *See* 27 August 2025 Order, ECF No. 12, *Brasfield & Gorrie*.

The government, in the same 26 August JSR, proposed to stay the nine other cases—*EVCON*, No. 25-1101, *HPCC*, Nos. 25-1189, 25-1276, 25-1277, 25-1425, 25-1426, and 25-1427, *Cox*, No. 25-1278, and *Flatiron*, No. 25-1333—pending the outcome of *Brasfield & Gorrie*. *See* 26 August 2025 JSR at 5, *Brasfield & Gorrie*. "[P]laintiffs in the related cases do not intend to oppose stays in those cases." *Id.* Counsel for the parties also confirmed via e-mail on 26 August 2025 "no party objects to consolidation of the nine other pending cases besides *Brasfield*, so that the Court can issue one order staying all consolidated cases" pending the outcome of this case. *See also McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1357 (Fed. Cir. 2001) ("Trial courts are given broad latitude in managing and scheduling cases."). The parties also noted "[i]f additional PLA protests are filed, it is the Government's intent to similarly move to stay those cases pending the outcome of the consolidated cases as well, absent extraordinary circumstances." 26 August 2025 JSR at 6, *Brasfield & Gorrie*; *see also* 22 August JSR at 3, ECF No. 25, *Cianbro*, No. 25-1034 (noting same intent to stay additional PLA protest cases).

RCFC 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Here, the cases involve a common question of law. The Court therefore **CONSOLIDATES** case Nos. 25-1189, 25-1276, 25-1277, 25-1278, 25-1333, 25-1425, 25-1426, 25-1427 with lead case *EVCON*, No. 25-1101 under RCFC 42(a)(2). *EVCON*, No. 25-1101, will be the lead case; all future filings shall bear the following caption:

```
****************************************
                                        *
EVCON-CWC JV, LLC, et al.,              *
                                        *
            Plaintiffs,                 *
                                        *   Nos.   25-1101, 25-1189, 25-1276,
v.                                      *          25-1277, 25-1278, 25-1333,
                                        *          25-1425, 25-1426, 25-1427
THE UNITED STATES,                      *
                                        *
            Defendant.                  *
                                        *
****************************************
```

**IT IS SO ORDERED.**

                                                        s/ Ryan T. Holte
                                                       RYAN T. HOLTE
                                                       Judge